NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 16 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FRANK EDWARD HUDSON I, an individual; and all others similarly situated, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> HOUSING AUTHORITY OF PORTLAND, DBA Home Forward, a public, municipal corporation; et al., <br><br> Defendants-Appellees. | No.  17-35400 <br><br> D.C. No. 3:16-cv-02364-BR <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the District of Oregon
Anna J. Brown, District Judge, Presiding

Submitted April 11, 2018**

Before:    SILVERMAN, PAEZ, and OWENS, Circuit Judges.

Frank Edward Hudson I appeals pro se from the district court's judgment

dismissing his 42 U.S.C. § 1983 action alleging Fourteenth Amendment procedural

due process violations arising from the denial of veterans' preferences in hiring.

---

    *    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    **    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

We have jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Hebbe v. Pliler*, 627 F.3d 338, 341 (9th Cir. 2010). We affirm.

The district court properly dismissed Hudson's action because Hudson failed to allege facts sufficient to state a plausible due process claim arising from the denial of a pre-deprivation hearing during the job application process, or the inadequacy of available post-deprivation remedies. *See Hudson v. Palmer*, 468 U.S. 517, 536, 539 (1984) (procedural due process claim requires that "claimant must either avail himself of the remedies guaranteed by state law or prove that the available remedies are inadequate"); *Shinault v. Hawks*, 782 F.3d 1053, 1057-58 (9th Cir. 2015) (court applies three-part balancing test set forth in *Mathews v. Eldridge*, 424 U.S. 319 (1976), to determine whether a pre-deprivation hearing is required); *see also City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986) (a *Monell* claim cannot survive in the absence of an underlying constitutional violation).

**AFFIRMED.**

17-35400